___ Priority
_X_ Send
___ Clsd
_X_ Enter
_X_ JS-5/JS-6
___ JS-2/JS-3

FILED - WESTERN DIVISION
CLERK, U.S. DISTRICT COURT

JAN 3 0 2006

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

ENTERED
CLERK, U.S. DISTRICT COURT

FEB - 1 2006

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

| | |
|---|---|
| WILLIAM SILVERSTEIN,<br><br>    Plaintiff,<br><br>vs.<br><br>WORLD WIDE WEB ENTERPRISES, LC, A Florida Corporation; ROBERT SMOLEY, An Individual; DARIN GREY, An Individual; ICOM GROUP, LLC, A Florida Corporation, PRIORITY RESPONSE GROUP INTERNATIONAL, LLC, a Florida Corporation; AND DOES 1-48,<br><br>    Defendants. | CASE NO. CV 05-07193 MMM (JWJx)<br>BC326033<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AND DENYING DEFENDANTS' MOTION TO QUASH SERVICE OF SUMMONS AND FIRST AMENDED COMPLAINT<br><br>THIS CONSTITUTES NOTICE OF ENTRY AS REQUIRED BY FRCP, RULE 77(d). |

On December 16, 2004, plaintiff William Silverstein filed this action in Los Angeles Superior Court against World Wide Web Enterprises, LLC, Robert Smoley, Darin Grey, Icom Group LLC, Priority Response Group International, LLC, and Does 1-48. On July 13, 2005, Silverstein filed a first amended complaint, alleging claims for violation of California Business & Professions Code § 17538.45; violation of the CAN-SPAM Act of 2003, 15 U.S.C. § 7705; violation of California Business & Professions Code §17529.5; trespass to chattels; libel and libel per se; and breach of contract. Defendants removed the action to this court on October 3, 2005. On October 24, 2005, plaintiff filed a motion to remand. The following day, defendants moved

to quash service of the summons and first amended complaint.

## II. DISCUSSION

Plaintiff contends that defendants' removal was procedurally improper because it was untimely.[1] Defendants counter that removal was not untimely because plaintiff never properly served either the summons and original complaint or the summons and amended complaint. As a result, defendants contend that the date within which they had to remove the action to federal court never began to run.[2] Defendants' motion to quash reiterates that proper service has not been effected.[3] Because defendants' arguments in opposition to plaintiff's motion to remand are identical to the arguments supporting their motion to quash, the court addresses the merits of the motions simultaneously.[4]

### A. Legal Standard Governing Removal Jurisdiction

"Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

Parties seeking to remove must comply with certain procedural mandates. Among these

---

[1] Memorandum of Points and Authorities in Support of Motion for Remand of Improperly Removed Case and for Just Costs and Expenses, Including Attorney's Fees, Incurred Due to the Improper Removal ("Pl.'s Mem.") at 2.

[2] Defendants' Memorandum of Points and Authorities in Opposition to Plaintiff's Motion to Remand ("Defs.' Opp.") at 2.

[3] Memorandum of Points and Authorities in Support of Defendants' Motion to Quash Service of Summons and First Amended Verified Complaint ("Defs.' Mem.") at 2-3.

[4] In their motion to quash, defendants also argue that the summons and complaint should be quashed because the court lacks personal jurisdiction over them. (Defs.' Mot. at 3-4.) Because this argument was not raised in opposition to Silverstein's motion to remand, the court need not consider it in determining whether defendants have properly removed the action. Should it find that the action was properly removed, the court will address the merits of defendants' personal jurisdiction argument.

2

is a requirement that a notice of removal be filed within thirty days after service of the summons and complaint. 28 U.S.C. § 1446(b); *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) ("if the summons and complaint are served together, the 30-day period for removal runs at once. . . . [I]f the defendant is served with the summons but the complaint is furnished to the defendant sometime after, the period for removal runs from the defendant's receipt of the complaint. . . . [I]f the defendant is served with the summons and the complaint is filed in court, but under local rules, service of the complaint is not required, the removal period runs from the date the complaint is made available through filing. Finally, if the complaint is filed in court prior to any service, the removal period runs from the service of the summons"). The statute provides for a renewed thirty-day removal period if the original complaint is not removable. This period commences on the defendant's receipt of "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable. . . ." 28 U.S.C. § 1446(b). Finally, the removal statute provides that no case may be removed on the basis of diversity jurisdiction "more than 1 year after commencement of the action." 28 U.S.C. § 1446(b).

If a defendant fails to comply with the procedural requirements of § 1446(b), the proper vehicle for challenging the removal is a motion to remand. See 28 U.S.C. § 1447(c); *Ultra Tool & Plastics, Inc. v. Schulman*, No. 98-CV-0473E(SC), 1998 WL 864896, *1 (W.D.N.Y. Dec. 2, 1998). Once a motion to remand is filed, the party or parties that removed the case have the burden of establishing that federal jurisdiction is proper. See *Gaus v. Miles, Inc.*, 980 F.2d 564, 566-67 (9th Cir. 1992); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988) (citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921)); see also *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996) (when removing a case to federal court, defendants bear the burden of proving, by a preponderance of the evidence, actual facts sufficient to support jurisdiction); *Olsen v. Foundation Health Plan*, 1999 WL 390842, *2 (N.D. Cal. June 11, 1999) (if a plaintiff challenges the removal, the defendant "bears the burden of establishing [its] propriety. . . ," citing *Gaus*, 980 F.2d at 566). The removal statute is strictly construed against removal, and all doubts respecting jurisdiction are resolved in favor of remand.

*Gaus*, 980 F.2d at 566; *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979).

**B.     Legal Standard Governing Service Of Process Prior To Removal**

"The issue of the sufficiency of service of process prior to removal is strictly a state law issue." *Lee v. City of Beaumont*, 12 F.3d 933, 936-37 (9th Cir. 1993); *see also Norsyn, Inc. v. Desai*, 351 F.3d 825, 829 (8th Cir. 2003) ("Norsyn points to January 30, 2002, as the date on which proper service was made on Defendants. It was on this date that Defendants received a copy of Norsyn's complaint, and were thus given actual notice of the pendency of the action. Since this event occurred prior to removal, we must determine whether it constituted sufficient service in accordance with the law of the jurisdiction in which the action was filed").

The California Code of Civil Procedure requires that service on a person outside California but within the United States be made by any method authorized for service within the state or "as prescribed by the law of the place where the person is served." CAL. CODE CIV. PROC. § 413.10(b).

**1.     Substituted Service On A Corporation Or Association**

Code of Civil Procedure § 415.20 provides that "[i]n lieu of personal delivery of a copy of the summons and complaint to the [persons authorized to receive service for a corporation, dissolved corporation, association, or unincorporated association], a summons may be served by" substituted service. CAL. CODE CIV. PROC. § 415.20(a). Substituted service may be effected by leaving a copy of the summons and complaint "during usual office hours" at the office of the defendant "with the person who is apparently in charge thereof," and by "[t]hereafter mailing a copy of the summons and complaint by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left." *Id.* The statute provides that "[s]ervice of summons in this manner is deemed complete on the 10th day after the mailing." *Id.*

**2.     Substituted Service On Natural Persons**

"Substituted service [on natural persons] may not be freely elected; a diligent effort to make physical delivery must be shown." 3 B. Witkin, CALIFORNIA PROCEDURE, Actions, § 927 (4th ed. 1997). "If a copy of the summons and complaint cannot with reasonable diligence be

4

personally delivered to the [natural] person to be served," substituted service may be effected by "leaving a copy of the summons and complaint at the person's dwelling house, usual place of abode, usual place of business, or usual mailing address other than a United States Postal Service post office box, in the presence of a competent member of the household or a person apparently in charge of his or her office, place of business, or usual mailing address . . . at least 18 years of age, who shall be informed of the contents thereof," and by "thereafter mailing a copy of the summons and of the complaint by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left." CAL. CODE CIV. PROC. § 415.20(b). "Service of summons in this manner is deemed complete on the 10th day after mailing." *Id.*

### C.     Whether Plaintiff Properly Served Defendants[5]

Defendants assert that Silverstein failed to serve them properly because he left copies of the summons and amended complaint with an independent building security guard at their place of business. They contend that Silverstein could not effect service of process through the security guard because (1) the guard advised the process server that defendants were not in the building at the time she delivered the summons and complaint; and (2) the security guard was not responsible for ensuring delivery of the service documents to defendants because he did not work

---

[5]Defendants have not waived their right to challenge the adequacy of service of process or personal jurisdiction by removing the action to this court. See *Morris & Co. v. Skandinavia Ins. Co.*, 279 U.S. 405, 409 (1929) ("Petitioner suggests that, by removal of the case to the federal court, objection to jurisdiction over the person of respondent was waived. Our decisions are to the contrary"); *Phillips v. Manufacturers Trust Co.*, 101 F.2d 723, 727 (9th Cir. 1939) (stating that a challenge to "[t]he validity of the service . . . was not waived by removal. . ."); *Heine v. New York Life Ins. Co.*, 50 F.2d 382, 387 (9th Cir. 1931) ("Nor is the right to challenge the jurisdiction or to invite the discretion of the court waived or forfeited by removal from the state to the federal court, or the right of the court, after issue joined, to make investigation on notice and, in its discretion, decline jurisdiction after such inquiry. . . . [I]n all suits removed the court shall proceed as if the suit had been originally commenced in the district court and the same proceedings had been taken in such suit in said district court as shall have been had therein in said state court prior to its removal").

for them.[6] Silverstein counters that he properly effected service on all defendants on August 5, 2005, fifty-nine days before they filed a notice of removal on October 3, 2005.[7] Consequently, he asserts, the action must be remanded because defendants failed to remove within thirty days of service.[8]

The evidence Silverstein has proffered demonstrates that he properly served all defendants with the summons and first amended complaint, and that service was effective on August 19, 2005. First, Silverstein has proffered a certificate of due diligence signed by the process server, which indicates that, prior to August 5, 2005, she made three attempts to serve Smoley at his business as an individual defendant and as the registered agent for service of process for defendants World Wide Enterprises, LLC, Icom Group, LLC, and Priority Response Group

---

[6]Defs.' Mem. at 2.

[7]Pl.'s Mem. at 1-2.

[8]Silverstein does not argue that the removal period runs from the date he allegedly served the original summons and complaint in 2004. (Plaintiff's Reply to Defendants' Opposition to Plaintiff's Motion to Remand ("Pl.'s Reply") at 3. In his reply, however, he asserts that removal was improper because defendants failed promptly to file the notice of removal in state court. He also argues that World Wide Enterprises, LLC could not join in the removal because it was administratively dissolved before the notice was filed, and thus was unable to defend the action. "It is improper for the moving party to 'shift gears' and introduce new facts or different legal arguments in the reply brief than [those that were] presented in the moving papers." William W. Schwarzer, A. Wallace Tashima, and James M. Wagstaffe, FEDERAL CIVIL PROCEDURE BEFORE TRIAL, § 12:107 (The Rutter Group 2005); compare *Gambra v. International Lease Financial Corp.*, 377 F.Supp.2d 810, 827 n. 18 (C.D. Cal. 2005) ("defendants' reply brief and supporting materials do not raise new matters and should not be stricken"). For this reason, the court has discretion to decline to consider new facts or arguments raised in a reply. See *Stump v. Gates*, 211 F.3d 527, 533 (10th Cir. 2000) ("This court does not ordinarily review issues raised for the first time in a reply brief. . . . The reasons are obvious. It robs the appellee of the opportunity to demonstrate that the record does not support an appellant's factual assertions and to present an analysis of the pertinent legal precedent that may compel a contrary result"); *Burnham v. City of Rohnert Park*, No. C 92-1439, 1992 WL 672965, *5 (N.D. Cal. May 18, 1992) ("[R]eply briefs are limited in scope to matters either raised by the opposition or unforeseen at the time of the original motion"); *Scott v. R.J. Reynolds Tobacco Co.*, No. Civ.A. 99-3091, 2001 WL 797992, *5 (E.D. La. July 12, 2001) (same). Because Silverstein raised these additional procedural objections to removal for the first time in his reply, the court declines to consider whether they warrant remand.

International, LLC.[9] The certificate, which is signed under penalty of perjury, states that the process server was told that Smoley was not in the office, and that she was not permitted entrance to the business premises.[10] Silverstein has also proffered a certificate of due diligence indicating the process server made twelve attempts to serve defendant Darin Grey at his residence between July 23 and August 20, 2005.[11] Each time, no one answered the door.[12] These attempts at service satisfy the due diligence prerequisite for substituted service on an individual under Code of Civil Procedure § 415.20(b). See, e.g., *Espindola v. Nunez*, 199 Cal.App.3d 1389, 1392 (1988) ("[R]easonable diligence was shown. Ordinarily, two or three attempts at personal service at a proper place should fully satisfy the requirement of reasonable diligence and allow substituted service to be made" (internal quotations and citation omitted)); see also *Hong-Ming Lu v. Primax Wheel Corp.*, No. C 04-4170 JSW, 2005 WL 807048, *3 (N.D. Cal. Apr. 7, 2005) ("The process server attempted to personally serve one of PRIMAX's corporate officers on November 22, 23, and 29. Each time, a receptionist informed the process server that these individuals were not in the office. The Plaintiffs['] numerous attempts to personally serve PRIMAX shows reasonable diligence").

Second, contrary to defendants' assertion, substituted service was properly effected by leaving the summons and amended complaint with the security guard at defendants' place of business, and mailing the pleadings to defendants' business address the same day. While "[l]itigants have the right to choose their abodes [or places of business,] they do not have the right to control who may sue or serve them by denying them physical access." *Bein v. Brechtel-Jochim Group, Inc.*, 6 Cal.App.4th 1387, 1394 (1992) (citing *Khourie, Crew & Jaeger v. Sabek, Inc.*,

---

[9]Silverstein's Opposition to Defendants' Motion to Quash Service of Summons and First Amended Verified Complaint ("Pl.'S Opp."), Exh. F (Superior Court of California, County of Los Angeles, Certificate of Due Diligence).

[10]*Id.*

[11]Pl.'s Opp., Exh. E (Superior Court of California, County of Los Angeles, Certificate of Due Diligence).

[12]*Id.*

7

220 Cal.App.3d 1009, 1013 (1990) ("defendant will not be permitted to defeat service by rendering physical service impossible")). Relying on this logic, the California Court of Appeal in *Bein* held that substituted service could be made on persons who worked or lived within a gated gated community by leaving the papers with a gate guard who denied the process server access to the complex. See *Bein*, 6 Cal.App.4th at 1392-93 (holding, in an action against individual corporate shareholders, that substitute service could be effected by leaving the summons and complaint with the guard at a gated community where the shareholders resided, because the gate guard was the "person apparently in charge of the corporate office" and/or a "competent member of the household," the shareholders "authorized the guard to control access to them and their residence[, and it was thus proper to] . . . assume the relationship between appellants and the guard ensure[d] delivery of process").[13] There is no difference between a gate guard and an office building security guard who has the power to control visitors' access to business premises within the building. Both are "authorized . . . to control access" to the place where service is to be effected, and both can thus be deemed "persons apparently in charge" of the premises. See *id.*

Nor does the fact that the security guard signed a receipt acknowledging delivery of the documents by mail render the service inadequate. "[W]ith service by mail on a defendant outside the state, no executed acknowledgment of receipt is required." *Bolkiah v. Superior Court*, 74 Cal.App.4th 984, 1000 (1999); see also *Johnson & Johnson v. Superior Court*, 38 Cal.3d 243, 254-255 (1985). Leaving the summons and first amended complaint with the security guard at defendants' place of business, and thereafter mailing the documents to defendants, thus effected proper service on them.

---

[13] In 1994, the California legislature enacted Code of Civil Procedure § 215.21, which provides that, where a guard is assigned to control access to a community at the time lawful service is attempted, "[n]othwithstanding any other provision of law," the process server must be given access "for a reasonable period of time for the purpose of performing lawful service of process, upon identifying to the guard the person or persons to be served, and upon displaying a current driver's license or other identification, and" a badge or registration identifying the individual as a process server. CAL. CODE CIV. PROC. § 215.21. Although this statute ensures that process servers will receive access to restricted communities for the purpose of effectuating service, it does not "abrogate or modify" the holding in *Bein*. *Id.*, Historical and Statutory Notes.

Significantly, defendants do not dispute that they received the summons and first amended complaint and thus had actual notice of the suit against them. California courts have repeatedly emphasized that the statutes governing service of process should be construed liberally "to effectuate service and uphold the jurisdiction of the court if actual notice has been received by the defendant." *Espindola*, 199 Cal.App.3d at 1393 (quoting *Pasadena Medi-Center Associates v. Superior Court*, 9 Cal.3d 773 (1973)); see also *Dill v. Berquist Construction Co.*, 24 Cal.App.4th 1426, 1437 (1994) ("Therefore, Dill could be held to have substantially complied with the statute if, despite his failure to address the mail to one of the persons to be served on behalf of the defendants, the summons was actually received by one of the persons to be served").

For all of these reasons, the court finds that Silverstein properly served defendants by delivering the summons and first amended complaint to the building security guard at their place of business, and by thereafter mailing the documents to defendants at that address. Although the proofs of service filed by Silverstein indicate that service was effected on the date the documents were delivered to the security guard and mailed,[14] service was in fact complete on August 15, 2005, ten days after mailing. CAL. CODE CIV. PROC. § 415.20 (a), (b) ("Service of summons in this manner is deemed complete on the 10th day after the mailing").

### E.   Whether The Action Should Be Remanded

Defendants were served with the summons and first amended complaint on August 15, 2005. As a result, they were required to file a notice of removal no later than September 14, 2005. Because defendants did not remove the case to federal court until October 3, 2005, the removal was untimely. See 28 U.S.C. § 1446(b). The court will therefore remand the action to Los Angeles Superior Court forthwith.[15]

---

[14] Pl.'s Opp., Exhs. A-D (Proofs Of Service Of Summons).

[15] Silverstein argues that the case should be remanded because defendants failed to attach "all process, pleadings, and orders served" to their notice of removal, and because Smoley filed the notice of removal before he was authorized to appear *pro hac vice*. Because the court has found that defendants' removal was untimely, it need not address these additional arguments supporting remand.

9

**F.  Whether Plaintiff Is Entitled To Attorneys' Fees**

Silverstein seeks an award of fees and costs pursuant to 28 U.S.C. § 1447(c). Section 1447(c) provides that "an order remanding [a] case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Whether or not to award attorney fees pursuant to § 1447(c) is a matter within the district court's discretion, which should "be exercised based upon the nature of the removal and the nature of the remand." *Moore v. Permanente Medical Group, Inc.*, 981 F.2d 443, 446 (9th Cir. 1992) (internal citation omitted); see also *Gotro v. R & B Realty Group*, 69 F.3d 1485, 1487 (9th Cir. 1995) ("Congress has unambiguously left the award of fees to the discretion of the district court").

Although he is an attorney, Silverstein is proceeding *pro se* in this case. An award of fees under § 1447(c) to a *pro se* attorney plaintiff is inappropriate. See *Tempelman v. Colsia*, No. CIV. 02-386-JD, 2002 WL 31236395, *3, (D.N.H. Sept. 26, 2002) (denying fees and costs under § 1447(c) because "[o]rdinarily, *pro se* litigants cannot recover attorneys' fees because they have not paid for the services of an attorney"); *Weiner v. Tex. Health Choice, L.C.*, No. 3:01-CV-2580-M, 2002 WL 441428, *5 (N.D. Tex. Mar. 20, 2002) ("Plaintiff seeks reasonable costs and attorney's fees incurred as a result of the improper removal of this case. See 28 U.S.C. § 1447(c). The Court initially observes that plaintiff is not a licensed attorney or represented by counsel. As a *pro se* litigant, he is not entitled to attorney's fees under the statute"); *Ezra v. BWIA International Airways, Ltd.*, No. 00-CV-2504 (JG), 2000 WL 1364354, *1-2 (E.D.N.Y. Sept. 8, 2000) (stating that "I doubt that a *pro se* plaintiff (even if he is an experienced attorney) may recover attorney's fees under 28 U.S.C. § 1447(c)," and citing *Kay v. Ehrler*, 499 U.S. 432, 435-38 (1991), which held that *pro se* litigants are not entitled fees under 42 U.S.C. § 1988); see *Guttman v. Silverberg*, 374 F.Supp.2d 991, 993-94 (D.N.M. 2005) (declining to decide whether a *pro se* defendant can ever recover fees under § 1447(c), but concluding that the party's *pro se* status was "a factor that goes into the Court's exercise of its discretion," and denying fees); see also *Benson v. Hafif*, 114 F.3d 1193, 1997 WL 268337, *3 (9th Cir. May 15, 1997) (Unpub. Disp.) (reversing an award of attorneys' fees to a *pro se* attorney defendant under 29 U.S.C. § 1132(g) "because a *pro se* litigant cannot be compensated under a federal statute for attorney's

fees," citing *Kay*); *Dickstein v. Internal Revenue Service*, 846 F.2d 1382, 1988 WL 50263, *2 (9th Cir. May 12, 1988) (Unpub. Disp.) (stating, in a Freedom of Information Act case, that it is well-settled that a *pro-se* litigant cannot be compensated under a federal statute providing for attorney fees," and citing *Carter v. Veterans Administration*, 780 F.2d 1479 (9th Cir. 1986), and *Hanson v. Security National Bank*, 537 F.2d 327 (9th Cir. 1967)).[16] For this reason, the court declines to award Silverstein fees and costs under § 1447(c).

## III. CONCLUSION

For the reasons stated, plaintiff's motion to remand is granted, and defendants' motion to quash service of summons and first amended complaint is denied.[17] The court directs that this action be remanded forthwith to Los Angeles Superior Court.

DATED: January 30, 2006

                                                    *[signature]*
                                              MARGARET M. MORROW
                                             UNITED STATES DISTRICT JUDGE

---

[16] See also *Woodside v. School Dist. of Philadelphia Bd. of Educ.*, 248 F.3d 129, 130-31 (3d Cir. 2001) (denying an attorney-parent's request for fees under the fee-shifting provision of the Individuals with Disabilities in Education Act ("IDEA")); *Kooritzky v. Herman*, 178 F.3d 1315, 1319 (D.C. Cir. 1999) (denying attorneys' fees to a *pro se* attorney litigant under the Equal Access to Justice Act ("EAJA")); *Doe v. Board of Educ. of Baltimore County*, 165 F.3d 260, 263-64 (4th Cir. 1998) (denying a parent-attorney's request for fees under the IDEA), cert. denied, 526 U.S. 1159 (1999); *Hawkins v. 1115 Legal Services Care*, 163 F.3d 684, 694 (2d Cir. 1998) (holding that a *pro se* attorney plaintiff could not recover fees in a Title VII/§ 1981 action); *SEC v. Waterhouse*, 41 F.3d 805, 808 (2d Cir. 1994)(holding that a *pro se* attorney could not recover fees under the EAJA); *Belmont v. Associates National Bank (Del.)*, 119 F.Supp.2d 149, 166 (E.D.N.Y. 2000) (denying fees to a *pro se* attorney suing under the Truth in Lending Act because "Supreme Court and appeals court precedents on similar fee-shifting provisions of other federal remedial statutes compels this result"); *BD ex rel. Doe v. DeBuono*, 193 F.R.D. 117, 138 (S.D.N.Y. 2000) (holding that a *pro se* attorney litigant was not entitled to attorneys' fees for pursuing a § 1983 claim at the administrative level in a case alleging violation of the IDEA).

[17] As noted, defendants also moved to quash service of the summons and complaint on the basis that they are not subject to personal jurisdiction in California. Because defendants improperly removed the case, the court lacks subject matter jurisdiction and defendants must address their arguments regarding personal jurisdiction to the state court.